FILED IN CLERK'S
Apr 10 9 30 AM '00
U.S.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 99CV11228-REK

JAMES L. YOUNG, III,
    Plaintiff

VS.

PALEX, INC.,
    Defendant/Third-Party Plaintiff,

VS.

SEA WATCH INTERNATIONAL, INC.,
    Third-Party Defendant.

## DEFENDANT/THIRD-PARTY PLAINTIFF, PALEX, INC.'S, THIRD PARTY COMPLAINT AGAINST SEA WATCH INTERNATIONAL, LTD.

Now comes the defendant/third party plaintiff, Palex, Inc., in the above entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and files its Third Party Complaint Against Sea Watch International, Ltd.

### THE PARTIES

1. Defendant/Third-Party Plaintiff, Palex, Inc., is a corporation established pursuant to the laws of the State of New Jersey with its principal place of business at

2. Third Party Defendant, Sea Watch International, Ltd. (hereinafter referred to as the Sea Watch), is a foreign

corporation with a principal place of operation 15 Antonio Costa Blvd., New Bedford, Massachusetts.

## THE FACTS

3. Palex, Inc., the owner and operator of the F/V JOHN N, operated pursuant to an agreement with Third Party Defendant Sea Watch whereby Sea Watch provided clam cages to Palex, Inc. for use on its vessel.

4. Pursuant to the agreement, when Palex, Inc. docked its vessel Sea Watch would unload all of the cages onboard the vessel and return the cages to its processing plant at the pier.

5. When Palex, Inc., or another entity was ready to send a vessel back to sea, Sea Watch would load the cages back onto that vessel. In the meantime, the ages would remain inside to Sea Watch facility.

6. Sea Watch at all times was responsible for the condition, maintenance and repair of the cages that it provided for use to Palex, Inc.

7. Palex, Inc. did not have any responsibility for or control over the cages which were provided to it for use on its vessel.

8. On or about February 18, 1999, while the plaintiff James Young was working aboard the F/V JOHN N, he claims that

he became injured when he was caused to fall as a result of a collapsing bar on one of Sea Watch's cages.

## COUNT I - CONTRIBUTION
### Palex, Inc. vs. Sea Watch International, Ltd.

9. Defendant/Third-Party Plaintiff reaffirms and reiterates the allegations contained in Paragraphs Nos. 1 though 8 inclusive and incorporates same as if fully set out herein.

10. The plaintiff has filed a Complaint alleging that the Defendant/Third-Party Plaintiff is liable for the personal injuries he sustained on or about February 18, 1999. Defendant/Third-Party Plaintiff in its Answer denied that it is liable to the plaintiff.

11. If the plaintiff was in fact injured, his injuries were the direct result of the negligence of Sea Watch and not the fault of Defendant/Third Party Plaintiff. Sea Watch was negligent by failing to maintain the cage in a safe condition, by failing to inspect the cage, by failing to warn invitees or guests of a hazardous condition concerning the cages, and was negligent in other respects which will be established at trial.

12. If Defendant/Third Party Plaintiff is found liable to the plaintiff, which liability it specifically denies,

then Defendant/Third-Party Plaintiff is entitled to contribution from Sea Watch pursuant to the applicable statutes and law.

**WHEREFORE**, Defendant/Third-Party Plaintiff, Palex, Inc., prays that judgment enter against the Third Party Defendant, Sea Watch International, Ltd., for contribution together with costs and reasonable attorney's fees.

### COUNT II - INDEMNIFICATION
**Palex, Inc. vs. Sea Watch International, Ltd.**

13. Defendant/Third-Party Plaintiff reaffirms and reiterates the allegations contained in Paragraphs Nos. 1 though 12 inclusive and incorporates same as if fully set out herein.

14. The plaintiff has filed a Complaint alleging that the Defendant/Third-Party Plaintiff is liable for the personal injuries he allegedly sustained on or about February 18, 1999.

15. Defendant/Third-Party Plaintiff in its Answer has denied that it is liable to the plaintiff and at all times was in the exercise of due care.

16. If the plaintiff was in fact injured, which is specifically denied, such injury was the result of the

negligence of Sea Watch and not the responsibility or fault of Defendant/Third Party Plaintiff.

17. As such, Defendant/Third Party Plaintiff is entitled to be indemnified in full by Sea Watch for all damages which Defendant/Third-Party Plaintiff may be required to pay the plaintiff as a result of his Complaint. Sea Watch should be required to indemnify Defendant/Third-Party Plaintiff for all costs and expenses incurred during the pendency of this action.

**WHEREFORE**, Defendant/Third-Party Plaintiff, Palex, Inc., prays that judgment enter against Third-Party Defendant, Sea Watch International, Ltd., for indemnity and for any damages, costs or expenses incurred during the pendency of this action.

### JURY DEMAND

The Defendant/Third-Party Plaintiff, Palex, Inc., hereby demands trial by jury on all issues raised in its Third-Party Complaint against Third Party Defendant, Sea Watch International, Ltd..

6

By its attorneys,

**CLINTON & MUZYKA, P.C.**

**Arthur P. Skarmeas**
**BBO NO: 547027**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by: hand mail, overnight mail, facsimile, on 6-7-00